# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                       No. CR 09-0320 JB

DILBERT EDDIE,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Appeal of Magistrate's Detention Order, filed February 1, 2010 (Doc. 15). The Court held a hearing on February 9, 2010. The primary issue is whether the Court should revoke or amend the Magistrate Judge's Detention Order, and release Defendant Dilbert Eddie on conditions of release. The Court grants Eddie's request for an evidentiary hearing. Because, however, the Court finds that Eddie is a danger to the community and a flight risk, the Court will deny the appeal and affirm the detention order.

## FACTUAL BACKGROUND

The Court takes judicial notice of the Pretrial Services Report (dated July 21, 2010) that the Pretrial Services Office prepared. Eddie is thirty-one years old and a lifelong resident of the Navajo Reservation in the Gallup, New Mexico area. Before his arrest, he resided with his girlfriend, Stephany Skeets, their seven-month old daughter, Skeets' parents, and three of Skeets' siblings in a mobile home located in Fort Wingate, New Mexico. See Pretrial Services Report at 1; Transcript of Hearing at 3:13-14 (taken February 9, 2010)(McCue, Skeets)("Tr.").[1] Eddie has a wife from

---

[1] The Court's citation to the transcript refers to the court reporter's original, unedited version. The final transcript may contain slightly different page and/or line numbers.

whom he is separated and two children, ages nine and seven, who reside in Jones Ranch, New Mexico.  Eddie's parents and sisters also reside in the area, with whom Eddie reported weekly contact.  See Pretrial Services Report at 1.

Eddie is currently unemployed and receives $425.00 per week in unemployment benefits. He last worked from February 2009 until December 2009, and before that, from February 2008 until December 2008, as a traffic-control technician for A.S. Horner Construction in Albuquerque, New Mexico.  See Pretrial Services Report at 1.  According to Eddie, A.S. Horner Construction has scheduled him to return to work within the month.  When working, Eddie stays in a hotel, for which A.S. Horner Construction pays, in Albuquerque during the week, and returns to Fort Wingate on the weekends.  See Tr. at 4:23-4:1 (McCue, Skeets).

       1.       **Substance Abuse Problem.**

Eddie's counsel contends that, upon information and belief, Eddie does not currently have an alcohol problem and is, at most, a social drinker.  See Appeal ¶ 5, at 2.  According to the Pretrial Services Report, Eddie acknowledges his history of alcohol abuse, but he does not believe it is a problem and contends that he does not need treatment.  See Pretrial Services Report at 2.  Eddie's prior criminal record contains an arrest for public intoxication on the Navajo Reservation in May 2005.  There is no disposition listed for this offense.  See Pretrial Services Report Attachment A.  At the hearing, Skeets testified that she has not seen Eddie drink, but that she knows that he drinks.  See Tr. at 5:7-8 (Skeets); id. at 9:5-6 (Skeets).

       2.       **Eddie's Criminal History and History of Failing to Appear.**

Eddie has a criminal record dating back to June 2002.  According to the Pretrial Services Report, of which Eddie's counsel requested the Court to take judicial notice, Eddie has previously been charged with battery, endangering a minor, disorderly conduct, public intoxication, numerous

incidents of driving without a license, registration, or insurance, and shoplifting.  See Pretrial

Services Report Attachment A.  The Pretrial Services Report also notes that Eddie's driver's license

is currently suspended, yet Eddie has continued to operate vehicles in defiance of court orders.  See

Pretrial Services Report Attachment A.  In the bail report that Pretrial Services has prepared, there

are five entries on Eddie's prior criminal record showing failures to appear.  Eddie contends that he

has satisfied four of the five allegations of failure to appear.[2]  There is also an outstanding warrant

for Eddie in the Bernalillo County Metropolitan Court for shoplifting.  See Pretrial Services Report

Attachment A.

       3.        **The Alleged Involuntary Manslaughter and Eddie's Arrest**.

On June 24, 2008, Eddie was allegedly driving at a high rate of speed, was involved in a

collision, and his passenger, Jonathan Brown, was ejected from the vehicle and killed.  See Tr. at

13:13-14:13 (Begaye).  The United States contends that Eddie fled the scene of the crime and

headed into the hills of the Navajo Reservation to avoid responsibility.  See Response ¶ 1, at 1.

According to Navajo Nation Criminal Investigator Denise Begaye, Eddie was located

four-and-a-half to five hours later, ten miles up the road.  See Tr. at 15:1-13 (Begaye).  The officers

brought Eddie back to the scene of the accident, where medical personnel examined him, and then

transported him to the Gallup Indian Medical Center to be checked for internal injuries, to have

blood samples taken, and to be treated for dehydration.  See Tr. at 15:15-22 (Begaye).  At that time,

his blood-alcohol content was .203.  See Tr. at 15:23-16:4 (Begaye).  Eddie fled a second time that

---

[2] According to Eddie's Appeal, Case No. M-35-TR-2002 05469, in Gallup Magistrate Court, and Case No. M-35-TR-2004 00234 were dismissed for lack of prosecution.  Case No. M-35-TR-2007 02051 in Gallup Magistrate Court resulted in a guilty plea, and in fines and fees totaling $310.00.  Case No. TR 62845-07 resulted in two-days confinement.  Case No. CR 3768 09 remains pending in the Bernalillo County Metropolitan Court.  See Appeal ¶ 6, at 2.

same day from the emergency room of the Gallup Indian Medical Center.  See Response ¶ 2, at 1.

Officers found Eddie a quarter of a mile north of the medical center walking along the road.  See

Tr. at 16:11-22 (Begaye).  He was arrested and booked into tribal custody.  See Tr. at 17:2-3

(Nayback, Begaye).  The tribal court charges in Crownpoint, New Mexico were supposedly

dismissed and the tribal authorities released Eddie.  See Tr. at 5:12-23 (Skeets).[3]

A federal warrant was issued for Eddie's arrest on February 11, 2009.  At the hearing,

Begaye testified that she went to Eddie's mother's residence in Vanderwagon, New Mexico seeking

to arrest Eddie, spoke with Eddie's mother about the arrest warrant, and told her that her son needed

to turn himself in.  Eddie's mother stated that Eddie had been working in Albuquerque and living

with his sister, and that she did not have an address or telephone number where Eddie could be

reached.  See Tr. at 17:10-22 (Nayback, Begaye).  Begaye gave Eddie's mother her business card

and instructed her to have Eddie call her.  See Tr. at 18:2-4 (Begaye).

Eddie called Begaye the next day, and she informed him that there was a federal warrant for

his arrest.  Eddie told Begaye that he would turn himself in to the United States marshals the next

day.  See. Tr. at 18:4-11 (Begaye).  Eddie did not turn himself in.  See Tr. at 18:11-19

(Nayback, Begaye).  According to Skeets, Eddie knew there was a federal warrant for his arrest, but

he thought it was a misunderstanding, because the tribal case in Crownpoint was dismissed.  See Tr.

at 5:21-23 (Skeets).

Begaye returned to the residence of Eddie's mother three more times without locating Eddie.

---

[3] At the hearing, Begaye testified that Eddie was charged in tribal court but that she does not
know what happened to the charges.  See Tr. at 25:12-20 (McCue, Begaye).  Eddie's counsel,
Stephen McCue, stated he is not sure tribal charges were ever filed, because he has no record of
them and there is no reference to tribal charges in the Pretrial Services Report.  See Tr. at 27:17-28:3
(Court, McCue).

On the fourth visit, on January 20, 2010, Eddie answered the door, but Begaye did not recognize him, because his hair was much shorter than it had been on the day of the crash, so she asked if Eddie was home.  Eddie said, "Hold up," and closed the door.  Two minutes later, Eddie's mother answered the door.  <u>See</u> Tr. at 19:18-23.  Begaye informed Eddie's mother once again that Eddie had an outstanding federal arrest warrant.  Eddie's mother informed Begaye that Eddie was not there and that he was in Albuquerque.  <u>See</u> Tr. at 19:25-20:3 (Begaye).  Begaye then informed her that she could be arrested for harboring a felon, at which point Eddie's mother then whispered to Begaye that Eddie was inside the house.  <u>See</u> Tr. at 20:4-9 (Begaye).  Eddie's mother gave permission for Begaye and Criminal Investigator Malcolm Leslie to enter her residence, where they found Eddie sitting in a corner behind a cabinet and arrested him.  <u>See</u> Tr. 20:13-21:1 (Begaye).  Eddie had alluded arrest for eleven months.  <u>See</u> Pretrial Services Report at 2.

## **PROCEDURAL BACKGROUND**

Eddie is accused of committing the offense of Crime on an Indian Reservation:  Involuntary manslaughter (vehicle homicide) in June of 2008.  The Indictment alleges that this offense was committed either while under the influence of alcohol or by reckless driving.  Specifically, Eddie is charged with Involuntary Manslaughter by driving while intoxicated and recklessly causing the death of another occurring on June 24, 2008.  Eddie contends that the fact that he was working in Albuquerque explains, in part, the failure of the Navajo Tribal Police to arrest him on the Indictment for eleven months and his failure to turn himself in to law-enforcement authorities.

Eddie appeared on January 21, 2010, before the Honorable Robert H. Scott, United States Magistrate Judge for the District of New Mexico.  He entered a plea of not guilty, and his counsel requested that Eddie be released to the La Posada Halfway House.  Judge Scott expressed concern about Eddie's history of failure to appear, his outstanding arrest warrant with the Bernalillo County

Metropolitan Court, and Eddie's acknowledgment of a history of alcohol abuse but his, and Skeets, stated beliefs that Eddie does not need treatment.  Judge Scott found that Eddie's history of abuse and his criminal record belies the belief that he does not require treatment.  Judge Scott found that Eddie is a flight risk, given his numerous failures to appear going back to 2002.  Judge Scott also found that Eddie was a danger to the community, given his history of alcohol abuse and his criminal record.[4]  Judge Scott ordered him detained without bond pending trial.  See Detention Order Pending Trial, filed January 21, 2010 (Doc. 10).

Eddie moves the Court, pursuant to the Eighth Amendment to the United States Constitution and to 18 U.S.C. § 3145(b), to revoke or to amend the detention order.  Specifically, Eddie requests the Court conduct a hearing and release him on conditions.  In his motion, Eddie stated that his family is available to verify the information about his drinking.

On February 3, 2010, the United States filed its Response to Defendant's Appeal of Magistrate's Detention Order.  In his response, the counsel for the United States, Assistant United States Attorney Kyle Nayback, opposes this motion and asks that the Court deny Eddie's request.

At the hearing, Stephen P. McCue, Eddie's attorney, argued that the Court could be assured of his appearance at future proceedings if he was released to La Posada.  See Tr. at 29:5-9 (McCue).  Mr. McCue stressed that Eddie has the support of his family and that he is not a flight risk.  See Tr. at 29:9-15 (McCue).  Mr. McCue also argued that Eddie does not necessarily have a drinking problem, as evidenced by his ability to maintain employment, and is therefore not a danger to the

---

[4] The Court notes that the Detention Order Pending Trial reflects only that Eddie is a flight risk.  See Detention Order Pending Trial, filed January 21, 2010 (Doc. 10).  The Court reviewed the recording of Eddie's arraignment and detention hearing before Judge Scott.  In the hearing, Judge Scott found that Eddie is both a flight risk and a danger to the community.

community.  See Tr. at 30:5-8 (McCue).[5]  Mr. McCue also argued that the United States should bear

some of the responsibility for the delay in the federal Indictment and in Eddie's being at large for

almost a year.  See Tr. at 36:1-3 (McCue).  He pointed out the eight-month delay between the

incident in question and the issuing of the Indictment.  He also argued that the United States may

be crediting Eddie with a greater understanding of the criminal-justice system than is the case, and

that Eddie did not fully comprehend the severity of the issuance of a federal warrant.  See Tr. at

36:14-22 (McCue).

Mr. Nayback argued that the Court should be concerned that Eddie continues to break the

law, not only by shoplifting, but also by operating vehicles even though his license is suspended.

See Tr. at 32:7-16 (Nayback).  Mr. Nayback stressed that the most important thing the Court should

consider is that, in this very serious involuntary manslaughter case, Eddie failed to turn himself in

for eleven months.  See Tr. at 32:17-25 (Nayback).

## LAW ON DETENTION AWAITING TRIAL

A court generally cannot detain an accused unless there is no condition or combination of

conditions that will reasonably assure the appearance of the person as required, and the safety of any

other person and the community.  See 18 U.S.C. § 3142(b).  The United States bears the burden of

showing that the defendant is either a flight risk or a danger to the community.  The United States

must establish dangerousness by clear-and-convincing evidence.  See 18 U.S.C. § 3142(f)(2)(B)

("The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition

or combination of conditions will reasonably assure the safety of any other person and the

---

[5] Later in the hearing, Mr. McCue stated: "Well, Judge, I think he does have an alcohol problem and I think any time you're involved in a fatal accident where alcohol is involved I think there's a problem."  Tr. at 31:4-8 (McCue).

community shall be supported by clear and convincing evidence.").  The United States must establish risk-of-flight by a preponderance of the evidence.  See United States v. Cisneros, 328 F.3d at 610, 612 (10th Cir. 2003).

Section 3142 of Title 18 of the United States Code contains a non-exhaustive list of the conditions that the Court may impose -- individually or in combination -- to attempt to ensure that the defendant will not flee or pose a danger to the community.  See 18 U.S.C. §§ 3142(c)(A), (B).  Pursuant to that section, the Court may condition a defendant's release on his or her "execut[ing] an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money, as reasonably necessary to assure the appearance of the person as required . . . ."  18 U.S.C. § 3142(c)(B)(xi).  The Court may also require the defendant, as a condition of release, to "execute a bail bond with solvent sureties; who will execute an agreement to forfeit in such amount as is reasonably necessary to assure appearance of the person as required . . . ."  18 U.S.C. § 3142(c)(B)(xii).  See United States v. Frye, 202 Fed. Appx. 308, 309 (10th Cir. 2006)(accepting without question a magistrate judge's initial release conditions -- 10 % of a $75,000 bond and electronic monitoring).

## ANALYSIS

Eddie argues that he should be released pending trial.  The United States argues that Eddie's failure to turn himself in has caused significant delay in the prosecution of this serious involuntary manslaughter case.  The United States argues that, certainly Eddie has family support, but it is in a way that enabled him to evade arrest.  The United States urges the Court to consider: (i) his criminal record; (ii) his mother's covering for him when the tribal police attempted to arrest him, even though Eddie was in the house; and (iii) his past failures to appear.  The United States contends that Eddie is both a flight risk and a danger to the community.

The Court concludes, after a careful review of the evidence presented in the briefings, in the Pretrial Services Report, and during the hearing, that it is not appropriate to release Eddie.  The Court finds that Eddie presents both a flight risk and a danger to the community.  The Court is not comfortable with releasing him to his family or his girlfriend.  The Court has considered Mr. McCue's recommendation that Eddie be released to the La Posada halfway house, but in light of Eddie's criminal history, the number and quality of his prior failures to appear, his outstanding arrest warrant in the Bernalillo Metropolitan Court, and the eleven months Eddie alluded arrest, the Court is convinced that release to La Posada is not appropriate.

I.      **EDDIE IS A FLIGHT RISK.**

The Court is concerned that if it were to release Eddie, he would not appear for his trial in federal court.  Eddie's past poor performance in dealing with the courts and with law enforcement does not give the Court confidence that Eddie would appear as instructed.  He has, on multiple occasions, failed to appear in state court and tribal court proceedings.  The Court is also concerned about Eddie's response to this case from the very beginning.  He fled the crime scene, which involved a vehicular collision and death, and then fled from medical treatment.  Although Eddie was informed of the federal warrant for his arrest in February of 2008, he avoided arrest for eleven months.  Given these past incidents, the Court does not feel that it would be prudent to release Eddie now.  The Court finds that the United States has shown, by a preponderance of the evidence, that Eddie is a flight risk.

II.     **EDDIE IS A DANGER TO THE COMMUNITY.**

The Court is also concerned that, if it were to place Eddie in a halfway house or under other restrictions, it is likely that he will not comply with those conditions.  Given Eddie's substance-abuse problems in the past, and the nature and circumstances of this crime, especially the

.203 blood-alcohol content that Eddie had five hours after he crashed his vehicle, the Court is concerned that Eddie would drink and drive again.  Eddie's criminal record shows multiple charges for driving without a license or insurance, and the Pretrial Services Report indicates that Eddie continues to operate vehicles, even though his driver's license is currently suspended.  The Court is concerned that Eddie consistently refuses to comply with restrictions that have been placed on him.

Not only did Eddie evade arrest in this case, after learning of his outstanding federal warrant, Eddie also currently has an outstanding warrant in Bernalillo County for shoplifting.  Given Eddie's persistent failure to comply with court orders, the Court doubts that it could create conditions with which Eddie would comply.  Eddie also has some arrests that involved some violent criminal activity, such as battery charges. Given the unresolved issue of alcohol abuse, the other pending criminal charges, and the seriousness of the offense at issue in this case, the Court believes that the United States has demonstrated by clear-and-convincing evidence that Eddie is a danger to the community.

The Court, therefore, will grant that portion of the appeal that requested an evidentiary hearing.  The Court will otherwise deny the appeal and leave Judge Scott's detention order in place for this case.

**IT IS ORDERED** that the Defendant's Appeal of Magistrate's Detention Order is denied and the Detention Order Pending Trial is affirmed.

_____
UNITED STATES DISTRICT JUDGE

-10-

*Counsel:*

Gregory J. Fouratt
  United States Attorney
Kyle T. Nayback
  Assistant United States Attorney
Albuquerque, New Mexico

> *Attorneys for the Plaintiff*

Stephen P. McCue
  Federal Public Defender
Albuquerque, New Mexico

> *Attorney for the Defendant*